United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD ALLEN, BARBARA CRABTREE, LYNN CRABTREE, VENUS HOAGLEN, DANIEL JACKSON, GWEN JACKSON-LOSS, JESSICA JACKSON, MARTHA KNIGHT, LUCILLE SILVA, MICHAEL TOOLEY, and CLARENCE WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and KENNETH SALAZAR, as Secretary of the United States Department of the Interior,<br><br>Defendants. | No. C 11-05069 WHA<br><br>**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT AND VACATING HEARING** |

**INTRODUCTION**

In this Indian tribal rights action, plaintiffs move for relief from the May 15 judgment, which followed an order granting defendants' motion to dismiss for lack of subject-matter jurisdiction (Dkt. No. 40). The dismissal order held that plaintiffs could not invoke the Indian Reorganization Act's waiver of sovereign immunity because they did not satisfy the IRA's statutory definition of "tribe." The factual background was described in the prior order (Dkt. No. 40). For the reasons stated below, plaintiffs' motion is **DENIED**. The hearing scheduled for July 12 is **VACATED**.

**ANALYSIS**

Rule 60(b) provides:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b).

Plaintiffs move for relief from the judgment on the grounds that (1) they were surprised by the Court's interpretation of the IRA, and (2) there is newly discovered evidence that plaintiffs are a "tribe."

**1.  SURPRISE.**

As a threshold matter, plaintiffs do *not* argue that the dismissal order's interpretation of the statutory term, "tribe," to mean "all or close to all of the Indians residing on one reservation," was incorrect (Dkt. No. 40 at 14). Instead, plaintiffs argue that they were surprised by the Court's definition because it was not espoused in either parties' motion briefs. Plaintiffs' argument is unpersuasive.

The very heart of plaintiffs' case was whether the Secretary of the Interior correctly interpreted the term "tribe," as used in Section 476 and defined in Section 479 of the IRA (Compl. ¶¶ 9–14; Dkt. No. 33 at 8). It was not a surprise, within the meaning of Rule 60, for the Court to adjudicate the legal question before it: the statutory definition of "tribe." *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) ("[A] party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot later, once the lesson is learned, turn back the clock to undo those mistakes."). Moreover, the government *did* argue that plaintiffs were not a tribe under IRA because they were only a subset of the reservation (Dkt. No. 32 at 25 n.7) (defendants' opposition to plaintiff's motion for summary judgment) (emphasis added):

> While the record indicates that the petitioners are included among the people for whom the Pinoleville Reservation was established, it is incontrovertible that *petitioners are at best just a subset of the people for whom the reservation was*

2

> *established. As such they meet neither the statutory requirement, because they are not "the" Indians residing on a reservation*, nor the more specific regulatory requirements that the be the Indians "for whom a reservation is established."

To which, plaintiffs responded, without appending any supporting evidence, that "[d]efendants's [sic] assertion that there is a factual issue as to whether the Indians are actually eligible to organize as a half-blood community under the IRA is absurd" (Dkt. No. 36 at 8).

In construing a statutory term in dispute, a judge is not bound to accept one party's view or the other but is free to state his or her own reading of the term.

### 2. NEWLY DISCOVERED EVIDENCE.

To justify relief from judgment, plaintiffs must demonstrate that the newly discovered evidence: (1) existed at the time the district court entered judgment; (2) could not have been discovered through due diligence; and (3) was of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) (quotations omitted).

Plaintiffs argue that there is "newly discovered evidence" that they are a "tribe" under the Court's interpretation of the IRA. Specifically, plaintiffs append a declaration from one of the plaintiffs, Jessica Jackson, who testifies that she recently conducted a "survey" of all homes on the Pinoleville Indian Reservation to find out how many Indians currently reside on the reservation (Jackson Decl. ¶¶ 4–5). Based on her survey, Ms. Jackson testifies that (1) there are thirty Native Americans (as distinguished from the definition of "Indian" under the IRA) living on the reservation; (2) of those thirty Native Americans, four are members of a tribe other than the Pinoleville Pomo Nation, (3) six others do not possess one-half or more Indian blood, and (4) of the remaining twenty Native Americans who possess one-half or more Indian blood, sixteen signed the 2008 petition requesting an IRA election that gave rise to this action.

Ms. Jackson's declaration fails as "newly discovered evidence" for a few reasons. *First*, Ms. Jackson's statements about the blood quantum of individuals residing on the reservation is inadmissible hearsay. CIV. LOCAL RULE 7-5 ("An affidavit or declarations may contain only facts [and] must conform as much as possible to the requirements of FRCivP 56(e)"). Ms.

3

Jackson conducted a door-to-door survey and does not have personal knowledge of the residents' blood quantum. Moreover, she is not qualified to verify genealogy. *Second*, evidence about the blood quantum of individuals residing on the reservation should have been discoverable with due diligence. As discussed, one pivotal issue in this action was whether plaintiffs constituted a tribe under the IRA. *Third*, Ms. Jackson's declaration would not change the outcome of the dismissal order. Even assuming that her survey is accurate, which defendants strongly argue against, the named plaintiffs in this action are only eleven of the twenty Indians (blood quantum of at least one-half degree of Indian blood) living on the reservation. This does not meet the requirement of "close to all of the Indians residing on one reservation."

## CONCLUSION

For the reasons stated above, plaintiffs' motion for relief from the judgment is **DENIED**. The hearing scheduled for July 12 is **VACATED**.

**IT IS SO ORDERED.**

Dated: July 9, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE